# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff ,<br><br>v.<br><br>HENRI WETSELAAR, M.D.,<br><br>　　　　Defendant. | Case No. 2:11-CR-00347-KJD-CWH<br><br>**<u>ORDER</u>** |

  Presently before the Court is the Government's Motion to Exclude Evidence (#392). Defendants, Wetselaar and Litwin filed responses in opposition (##394, 395) to which the Government replied (#396).

  Trial commenced in this matter on January 9, 2017.  On February 6, 2017, almost a month into trial Defendants Wetselaar and Litwin filed a "notice" to the Court (#391) stating their intention to introduce evidence of Medicare and Medicaid patient files during their-case in-chief.

  These files are untimely. Shortly after receiving a copy of Defendants' notice, the Government twice contacted counselors for Wetselaar and Litwin via email, to determine if the United States had been provided copies of these records. On February 7, 2017, attorney for Wetselaar responded to the Government's inquiry and advised to date – almost a month into trial – the Defendants have failed to provide copies of these records. Defendants have failed to provide an explanation for why they have not turned over the records they intend to use in their case-in-chief. Instead, Defendants' response to the Government advised that these files were in the Government's

possession until approximately January 2013, when they were returned to Defendants' counsel, and noted that they are *now* willing to give the Government access to files at any time.

Defendants' failure to provide these records to the Government prior to trial is a direct violation of Rule 16 (b) of the Federal Rules of Criminal Procedure.  Defendants' responses do not explain why copies of the patient files they intend to introduce have not been previously provided to the Government. Similarly they failed to explain why they failed to include the files on their exhibit list; a fact that is particularly poignant given Defendant Wetselaar's opening statement where he emphasized the number of files seized and returned to him post-search warrant, and both Defendant Wetselaar and Litwin's repeated questioning regarding the number of files seized and returned to the defendant during cross-examination of Trooper Munoz – the Government's first witness. Instead, Defendants assert that the Government "opened the door" to introduction of the patient files, and claim that they seek introduction "merely...to preserve their right to a fair trial." (#395).

Defendant Wetselaar asserts that because the files were in the possession of the Government for approximately 28 months and then returned to them, the Government is in no position to claim they do not know what the files contain.  These representations fail to excuse the Defendants' violation of Rule 16 and this Court's Order regarding trial.

The Federal Rules of Criminal Procedure were designed to guarantee a fair trial to both parties.  Rule 16(b)(1)(A) provides that a defendant **must** permit the government upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items if:

> (i) **the item is within the defendant's possession, custody, or control**; and
>
> (ii) **the defendant intends to use the item in the defendant's case-in-chief at trial**.

Fed.R.Crim.Pro.16(b)(1)(A) (emphasis added).

In response to the Government's motion to exclude, the Defendants concede that the files are in their possession, custody, and control, and have been so since 2013, and further concede that they intend to use them at trial.  Because the Government was unaware of Defendants' intention to use

any such files, it had no notice of its need to copy, inspect, photograph or do anything else with the files returned to the Defendant. Defendants' have inexcusably violated their discovery obligations.

Rule 16(d)(2) provides that if a party fails to comply with the rule, the court may (A) order the party to permit the discovery or inspection; (B) grant a continuance; (C) prohibit the party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances. Given how untimely disclosure is at this juncture, together with the unconvincing representations as to why they failed to disclose the files, the Court grants the Government's motion to exclude.

Additionally, the files are irrelevant. Defendants' responses fail to demonstrate that the information contained within the yet-to-be-disclosed files actually contains any information about whether those patients submitted claims to Medicare/Medicaid. Instead, Defendants intend to introduce the files to show that patients were on Medicare/Medicaid, *not* that they actually submitted claims to them. As the Government noted in its motion to exclude, patients could have been on Medicare/Medicaid; that does not mean they actually submitted claims for the drugs they were given by Wetselaar and Litwin. Further, at no time has the Government represented to the jury that *no* patients were covered by Medicare/Medicaid, or any other insurance. Rather, the Government has introduced evidence that the Defendants were operating a business that was primarily cash based.

Finally, in order to prove that a physician violated 21 U.S.C. § 841 (drug distribution), the Government must prove that the prescription was not written for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. 21 C.F.R. § 1306.04. The Medicare/Medicaid patient files Defendants seek to introduce are not relevant as to whether Defendant Wetselaar distributed a controlled substance without a legitimate medical purpose and outside the usual course of professional practice as charged in Counts 2 through 9 of the superceding criminal indictment. There is no logical nexus between the information that Defendants' patients were Medicare/Medicaid recipients and whether Defendant Wetselaar prescribed pain medications for legitimate medical purpose as an individual practitioner acting in the usual course of his

professional practice.  Introduction of these files would only detract from the pertinent issues of this case and would cause confusion for the jury.

Accordingly, IT IS THEREFORE ORDERED that the Government's Motion to Exclude Evidence (#392) is **GRANTED**.

DATED this  8th   day of February 2017

_____
Kent J. Dawson
United States District Judge