# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID A. LITWIN,

    Defendant.

Case No. 2:11-CR-347-KJD-CWH

**Preliminary Order of Forfeiture**

    Presently before the Court is the Government's Motion for the District Court to Enter a Criminal Forfeiture Money Judgment against David Litwin (#528). No response was filed by Defendant. The Government also filed a reply (#544) in support of its motion. Hearing was held on December 14, 2017.

    This Court finds that Defendant David A. Litwin was found guilty of Counts One through Five and Seven through Nine of a Fourteen-Count Superseding Criminal Indictment (Indictment) charging him in Count One with Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) and in Counts Two through Nine with Distribution of Controlled Substances in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Indictment and the offenses to which defendant David A. Litwin was found guilty. Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473. The Court further finds that Defendant Litwin failed to timely object to the Government's Motion for Forfeiture (#528) and that the total amount of money to be forfeited exceeds that requested by the United States.

Further, the Court finds that U.S. v. Bajakajian, 524 U.S. 321, 333 (1998) does not apply to the facts of this case because the amount to be forfeited is illegal proceeds of the drug conspiracy and oxycodone distribution convictions, not legally obtained money or property which were subject to a reporting violation. Further even if the Court were to do a Bajakajian or grossly disproportionate analysis, the Court would find that based on the four factors that the forfeiture is not grossly disproportionate to the gravity of the crimes. This is identical to the analysis relied upon by Court in the decision on Wetselaar's forfeiture proceeding. See Transcript of Proceedings (Doc. No. 582, Forfeiture Hearing).

Finally, the Court finds that United States v. Feldman, 853 F.2d 648 (9th Cir. 1988); United States v. Real Prop. Located at 22 Santa Barbara Drive, 264 F.3d 860 (9th Cir. 2001); and United States v. Guillen-Cervantes, 566 F. App'x 576 (9th Cir. 2014) are the law-of-the-circuit and apply to the present action, and that the forfeiture of illegal proceeds is always proportionate and never grossly disproportionate under the Eighth Amendment and since Defendant cannot own illegal proceeds the forfeiture of illegal proceeds cannot be punishment. Further, Bajakajian does not undercut the theory, reasoning, and facts underlying Feldman, 22 Santa Barbara Drive, or Guillen-Cervantes, and is "clearly irreconcilable" with them.

The following money judgment is derived from (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), dealing in a controlled substance or listed chemical, or Title 21,

1 | United States Code, Section 846, conspiracy to commit such offense; (2) any property constituting, or

2 | derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21,

3 | United States Code, Sections 841(a)(1) and 846; (3) any property used, or intended to be used, in any

4 | manner or part, to commit, or to facilitate the commission of violations of Title 21, United States

5 | Code, Sections 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other

6 | things of value furnished or intended to be furnished in exchange for a controlled substance or listed

7 | chemical in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all proceeds

8 | traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended

9 | to be used to facilitate any violation of Title 21, United States Code, Sections 841(a)(1) and 846, and

10 | are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28,

11 | United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1) and (a)(2); and

12 | Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c).

13 |      IT IS ORDERED, ADJUDGED, AND DECREED that the United States recover from David

14 | A. Litwin an in personam criminal forfeiture money judgment of $284,704.00.

15 |      The basis for the money judgment is derived from:

16 |      1. Cash payments of approximately $3,000/month, totaling $118,130.00, received from Henri

17 | Wetselaar beginning in July 2008 and continuing until June 2011;

18 |      2. $99,900.00 in cash claimed from the 24/7 Vaults;

19 |      3.$66,674.00 in value for 53 1 oz gold coins claimed from the 24/7 Vaults.

20 | See Trial Exhibits 32B, 33B, 34B, 36A, PSR p. 19, ¶ 103; PSR, p. 6-13, ¶ 12-49, and Exhibit 1 to the

21 | Government's Motion for Criminal Forfeiture, Doc. No. 528. (CM/ECF 528-1).

22 |      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

23 | David A. Litwin in the aforementioned property is forfeited and is vested in the United States of

24 | America and shall be safely held by the United States of America until further order of the Court.

25 | ///

26 | ///

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of the Court send

2    copies of this order to all counsel of record and three certified copies to the United States Attorney's

3    Office, Attention Asset Forfeiture Unit.

4    DATED this 6th day of January 2018.

5

6    _____
     Kent J. Dawson
     United States District Judge

7