# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID LITWIN,

    Defendant.

Case No. 2:11-cr-00347-KJD-CWH

**ORDER**

Presently before the Court is Defendant's Motion for Bail Pending Appeal (#612). Plaintiff filed a response (#624) to which Defendant replied (#628).

**I. Background**

On March 23, 2017, a jury found Defendant David Litwin ("Defendant") guilty of multiple felony counts. On September 26, 2017, Defendant was sentenced to 240 months of imprisonment. On October 10, 2017, Defendant filed a Notice of Appeal. Defendant claims he is entitled to bail pending appeal pursuant to Title 18 U.S.C. §§ 3143(b) and 3142(g).

**II. Legal Standard**

    A. 18 U.S.C. § 3143(b) Requirements to Rebut Presumption of Detention

A defendant may be released pending appeal only where the court finds by clear and convincing evidence that (1) "the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that

does not include a term of imprisonment, or a reduced sentence. 18 U.S.C. § 3143(b).

The factors the court considers when making the determination of whether a person is "likely to flee or pose a danger to the safety" of the community are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A substantial question is one that is "fairly doubtful." U.S. v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). It must be a question "of more substance than would be necessary to a finding that it was not frivolous" and is "debatable among jurists of reason." Id. at 1282-83. Further, "the burden of establishing these factors is on the convicted defendant." U.S. v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985).

B. Drug Offense Requires Additional "Exceptional Reasons" to Merit Release

Additionally, defendants convicted of drug offenses that impose maximum terms of imprisonment of ten years or more must also show "exceptional reasons" to justify release pending appeal. 18 U.S.C. § 3145(c). Examples of factors the court considers in determining whether exceptional reasons exist include: (1) whether Defendant's crime was an aberration; (2) whether Defendant contributed significantly to society; (3) whether the nature of Defendant's crime is sufficiently dissimilar to others in the same category of crimes identified by the statute; (4) the length of Defendant's sentence (often a proxy for the seriousness of the crime committed); (5) whether there were circumstances that would "render the hardships of prison unusually harsh for a particular defendant;" (6) the benefit of an "uninterrupted course of treatment;" and (7) the effect of incarceration on Defendant's physical or mental health based on his characteristics. U.S. v. Garcia, 340 F.3d 1013, 1019-20 (9th Cir. 2003). These factors are "by no means exclusive," and "the district

court's familiarity with the full record will enable it, when necessary, to undertake a searching and informed evaluation of all the circumstances of the case, a process that an appellate court would ordinarily be unable to undertake until after the appeal is completed." Id. at 1021.

**III. Analysis**

A. Flight Risk

Defendant argues he is not a flight risk because he complied with his pre-trial release, has no prior criminal history, and has no plans to engage in further criminal activity. First, compliance with pre-trial release is mandatory, not exceptional. Further, Defendant concedes that the current situation is different than pre-trial detention; prior to trial, Defendant had not yet been convicted, and had not yet received a twenty-year sentence.

Next, that Defendant has no previous criminal history is also not clear and convincing evidence that he would not be a flight risk or danger to society. As the Government points out, "[M]any Defendants convicted of serious offenses . . . have no documented criminal history. If that alone were sufficient to release individuals convicted of those offenses, then all Defendants convicted of similar offenses could get out of custody pending appeal. That is contrary to the Congress's intent when [sic] it enacted 18 U.S.C. § 3143(b)(1)." (#624, at 5).

Additionally, it is of note that Defendant previously lived in Mexico for several years. He attended a four-year medical training program there, followed by a two-year internship. Defendant claims he "has no family or friends or acquaintances" in the Mexican community where he previously lived. However, Defendant maintained a residence there for at least six years and speaks the Spanish language.[1] As such, the Court would be remiss not to take into consideration that these facts create a unique connection, temptation, and opportunity for Defendant to flee if released pending appeal.

---

[1] Defendant's wife, when testifying at his sentencing, stated Defendant interpreted from Spanish to English and English to Spanish for non-English speaking patients.

3

Last, in response to the Government's argument that if Defendant is released, there is nothing to prevent him from continuing to engage in criminal activity, Defendant's attorney states, "I am confident in saying that [Defendant] would not ever knowingly work in such a setting again. . . . [N]o doctor would ever hire a medical assistant that had a conviction for distribution of controlled substances." (#628, at 4). That Defendant may not be a desirable hire by doctors seeking to commit criminal activity does not speak to Defendant's own proclivity to seek out or not seek out criminal opportunity. Defendant was convicted of a serious offense, and taking into consideration all factors presently before it, the Court determines Defendant has not met his burden to prove that he is not likely to be a flight risk nor a danger to society.

B. Substantial Question

Defendant fails to meet his burden to show by clear and convincing evidence that he will raise substantial questions of fact or law on appeal. Defendant claims that he will be raising the same substantial issues that Dr. Henri Wetselaar raised on his appeal, and that because the Ninth Circuit granted Dr. Wetselaar bail pending appeal, "[t]he same determination applies to [Defendant]." (#628, at 3). However, as the Government points out, Defendant may not simply bootstrap his motion to the Ninth Circuit's ruling on Dr. Wetselaar's motion without explaining how or what would give rise to substantial questions of fact or law meriting release for his case; he must meet the burden of proof himself.

Defendant states he will be:

> appealing multiple Constitutional issues . . . includ[ing] but not limited to: the dismissal of a juror in violation of his due process rights; the failure of the government to turn over impeachment evidence until the final day of trial in violation of this right to a fair trial; the inclusion of evidence after the Government argued that the motion in limine requesting its exclusion was 'moot;' the Government failing to turn over Brady evidence; among other issues. These are the same issues that Dr. Wetselaar raised.

(#628, at 2). However, Defendant does not state why these issues are debatable or non-frivolous, nor does he state why they would be likely to result in reversal or a new trial, as is required. Thus, the

Court determines Defendant has not met his burden to prove that he will raise substantial questions of law or fact on appeal.

### C. Exceptional Circumstances

Regardless of whether Defendant meets the above two prongs, he does not show any exceptional reasons exist that would merit his release. On this point, Defendant's case is starkly distinguishable from Dr. Wetselaar's case. Dr. Wetselaar's proffered exceptional reasons were his advanced age and health conditions. Defendant does not share the same age or ailments that affect Dr. Wetselaar, and "[h]ardships that commonly result from imprisonment" do not meet the exceptional circumstances standard. Id. at 1022.

Further, Defendant claims this conviction "is outside the heartland of cases that were envisioned in the Mandatory Detention Act of 1990" because "[t]hose cases were concerned with the standard violent and drug-related offenses." (#628, at 6). However, Defendant does not contest the jury's determination that he is guilty of a drug-related offense. (#628, at 3). The Mandatory Detention Act's applicability does not distinguish between the types of drugs that were involved in the qualifying, committed offense.

Thus, the Court, using its familiarity with the full record and undertaking an informed evaluation of all the circumstances of this case, determines Defendant has not met his burden to show there are exceptional reasons that merit his release pending appeal.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Bail Pending Appeal (#612) is **DENIED**.

Dated this 17th day of January, 2018.

Kent J. Dawson
United States District Judge