UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CR-347-KJD-(CWH) |
| Plaintiff, | |
| v. | Amended Preliminary Order of Forfeiture |
| DAVID A. LITWIN, | |
| Defendant. | |

This Court, having read and considered the United States' Motion to Forfeit Subsequently Located Illegal Proceeds of David A. Litwin, and good cause appearing, finds the $99,900 from 24/7 Vaults is illegal proceeds David A. Litwin obtained from his convicted crimes and the 53 1oz gold coins from the 24/7 Vaults are assets purchased with illegal proceeds David A. Litwin obtained from his convicted crimes.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(e), the Court retains jurisdiction to amend the order of forfeiture at any time to include forfeitable property or substitute property.

This Court finds, pursuant to Fed R. Crim. P. 32.2(e)(1)(A), the government did not locate and identify the forfeitable property as to David A. Litwin's until this Court issued the Preliminary Order of Forfeiture (ECF No. 633).

This Court finds that Defendant David A. Litwin was found guilty of Counts One through Five and Seven through Nine of a Fourteen-Count Superseding Criminal Indictment (Indictment) charging him in Count One with Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) and in Counts Two through Nine with Distribution of Controlled Substances in

violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Indictment and the offenses to which defendant David A. Litwin was found guilty. Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473. The Court further finds that Defendant Litwin failed to timely object to the Government's Motion for Forfeiture (#528) and that the total amount of money to be forfeited exceeds that requested by the United States.

Further, the Court finds that U.S. v. Bajakajian, 524 U.S. 321, 333 (1998) does not apply to the facts of this case because the amount to be forfeited is illegal proceeds of the drug conspiracy and oxycodone distribution convictions, not legally obtained money or property which were subject to a reporting violation. Further even if the Court were to do a Bajakajian or grossly disproportionate analysis, the Court would find that based on the four factors that the forfeiture is not grossly disproportionate to the gravity of the crimes. This is identical to the analysis relied upon by Court in the decision on Wetselaar's forfeiture proceeding. See Transcript of Proceedings (Doc. No. 582, Forfeiture Hearing).

Finally, the Court finds that United States v. Feldman, 853 F.2d 648 (9th Cir. 1988); United States v. Real Prop. Located at 22 Santa Barbara Drive, 264 F.3d 860 (9th Cir. 2001); and United States v. Guillen-Cervantes, 566 F. App'x 576 (9th Cir. 2014) are the law-of-the-circuit and apply to the present action, and that the forfeiture of illegal proceeds is always proportionate and never grossly disproportionate under the Eighth Amendment and since Defendant cannot own illegal proceeds the forfeiture of illegal proceeds cannot be punishment. Further, Bajakajian does not undercut the theory, reasoning, and facts underlying Feldman, 22 Santa Barbara Drive, or Guillen-Cervantes, and is not "clearly irreconcilable" with them.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), dealing in a controlled substance or listed chemical, or Title 21, United States Code, Section 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Sections 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of Title 21, United States Code, Sections 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Sections 841(a)(1) and 846, and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1) and (a)(2); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p):

 1. $99,900 in cash claimed from 24/7 Vaults; and

 2. 53 1oz gold coins from the 24/7 Vaults

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $284,704, and that the property will be applied toward the payment of the money judgment.

The in personam criminal forfeiture money judgment complies with <u>Honeycutt v. United States</u>, ___U.S.___, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

3

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the $99,900 is illegal proceeds and the 53 1oz gold coins were purchased with illegal proceeds subsequently located by the United States and is subject to forfeiture pursuant to Fed. R. Crim. P. 32.2(e)(1)(A) and (2):

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from David A. Litwin an in personam criminal forfeiture money judgment of $284,704.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of David A. Litwin in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>Daniel D. Hollingsworth
>Assistant United States Attorney
>501 Las Vegas Boulevard South, Suite 1100
>Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 13th day of July, 2018.

_____
UNITED STATES DISTRICT COURT