# UNITED STATES DISTRICT COURT

### District of Nevada

UNITED STATES OF AMERICA

v.

DAVID A. LITWIN

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number:  2:11-cr-00347-KJD-CWH-2

USM Number:  46301-048

Jonathan Powell
_____
Defendant's Attorney

**Date of Original Judgment:**   12/14/2017
_____
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1, 2, 3, 4, 5, 7, 8, and 9 of the Superseding Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(c) | Conspiracy to Distribute Oxycodone | 8/2010 | 1s |
| 21 U.S.C. § 841(a)(1) and (b)(1)(c) and 2;21:1306.04 | Distribution of Controlled Substance - Schedule II and Aiding and Abetting | 8/2010 | 2s-5s |
| 21 U.S.C. § 841(a)(1) and (b)(1)(c) and 2;21:1306.04 | Distribution of Controlled Substance - Schedule II and Aiding and Abetting | 8/2010 | 7s-9s |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all remaining  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/26/2017
_____
Date of Imposition of Judgment

_____
Signature of Judge

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
_____
Name and Title of Judge

8/20/2018
_____
Date

DEFENDANT:   DAVID A. LITWIN
CASE NUMBER:   2:11-cr-00347-KJD-CWH-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

240 Months, per count, to run concurrently.

☑    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant to be permitted to serve his term of incarceration in FCI Taft, CA or close to Las Vegas, NV with Alcohol Abuse Treatment

☑    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at  _____   ☐   a.m.   ☐   p.m.   on  _____   .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on   _____   .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on   _____   to   _____

at   _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   DAVID A. LITWIN
CASE NUMBER:   2:11-cr-00347-KJD-CWH-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:   **3 years, per count, concurrently**

# MANDATORY CONDITIONS

1.      You must not commit another federal, state or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
                ☐      The above drug testing condition is suspended, based on the court's determination that you
                        pose a low risk of future substance abuse.  *(check if applicable)*

4.      ☐      You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  *(check if applicable)*

5.      ☑      You must cooperate in the collection of DNA as directed by the probation officer.  *(check if applicable)*

6.      ☐      You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.  *(check if applicable)*

7.      ☐      You must participate in an approved program for domestic violence.  *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: DAVID A. LITWIN
CASE NUMBER: 2:11-cr-00347-KJD-CWH-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT:   DAVID A. LITWIN
CASE NUMBER:   2:11-cr-00347-KJD-CWH-2

## SPECIAL CONDITIONS OF SUPERVISION

1. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. Mental Health Treatment – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

3. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

4. Employment Restriction – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to work in a medical practice/business without the prior approval of the probation officer.

DEFENDANT:   DAVID A. LITWIN
CASE NUMBER:   2:11-cr-00347-KJD-CWH-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment\*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $  800.00 | $ | $ WAIVED | $ N/A |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $            0.00 | $            0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for    ☐  fine    ☐  restitution.

☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   DAVID A. LITWIN
CASE NUMBER:   2:11-cr-00347-KJD-CWH-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ☑   Lump sum payment of $ _____800.00_____ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with   ☐  C,   ☐  D,   ☐  E, or   ☐  F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

    Amended Preliminary Order of Forfeiture attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-CR-347-KJD-(CWH) |
| Plaintiff, | ) | |
| v. | ) | Amended Preliminary Order of Forfeiture |
| DAVID A. LITWIN, | ) | |
| Defendant. | ) | |

This Court, having read and considered the United States' Motion to Forfeit Subsequently Located Illegal Proceeds of David A. Litwin, and good cause appearing, finds the $99,900 from 24/7 Vaults is illegal proceeds David A. Litwin obtained from his convicted crimes and the 53 1oz gold coins from the 24/7 Vaults are assets purchased with illegal proceeds David A. Litwin obtained from his convicted crimes.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(e), the Court retains jurisdiction to amend the order of forfeiture at any time to include forfeitable property or substitute property.

This Court finds, pursuant to Fed R. Crim. P. 32.2(e)(1)(A), the government did not locate and identify the forfeitable property as to David A. Litwin's until this Court issued the Preliminary Order of Forfeiture (ECF No. 633).

This Court finds that Defendant David A. Litwin was found guilty of Counts One through Five and Seven through Nine of a Fourteen-Count Superseding Criminal Indictment (Indictment) charging him in Count One with Conspiracy to Distribute Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1) and in Counts Two through Nine with Distribution of Controlled Substances in

violation of 21 U.S.C. § 841(a)(1). Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Indictment and the offenses to which defendant David A. Litwin was found guilty. Indictment, ECF No. 179; Jury Verdict, ECF No. 456; Minutes of Jury Trial, ECF No. 473. The Court further finds that Defendant Litwin failed to timely object to the Government's Motion for Forfeiture (#528) and that the total amount of money to be forfeited exceeds that requested by the United States.

Further, the Court finds that <u>U.S. v. Bajakajian,</u> 524 U.S. 321, 333 (1998) does not apply to the facts of this case because the amount to be forfeited is illegal proceeds of the drug conspiracy and oxycodone distribution convictions, not legally obtained money or property which were subject to a reporting violation. Further even if the Court were to do a <u>Bajakajian</u> or grossly disproportionate analysis, the Court would find that based on the four factors that the forfeiture is not grossly disproportionate to the gravity of the crimes. This is identical to the analysis relied upon by Court in the decision on Wetselaar's forfeiture proceeding. See Transcript of Proceedings (Doc. No. 582, Forfeiture Hearing).

Finally, the Court finds that <u>United States v. Feldman,</u> 853 F.2d 648 (9th Cir. 1988); <u>United States v. Real Prop. Located at 22 Santa Barbara Drive,</u> 264 F.3d 860 (9th Cir. 2001); and <u>United States v. Guillen-Cervantes,</u> 566 F. App'x 576 (9th Cir. 2014) are the law-of-the-circuit and apply to the present action, and that the forfeiture of illegal proceeds is always proportionate and never grossly disproportionate under the Eighth Amendment and since Defendant cannot own illegal proceeds the forfeiture of illegal proceeds cannot be punishment. Further, <u>Bajakajian</u> does not undercut the theory, reasoning, and facts underlying <u>Feldman</u>, <u>22 Santa Barbara Drive</u>, or <u>Guillen-Cervantes</u>, and is not "clearly irreconcilable" with them.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), dealing in a controlled substance or listed chemical, or Title 21, United States Code, Section 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Sections 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of Title 21, United States Code, Sections 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, United States Code, Sections 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Sections 841(a)(1) and 846, and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1) and (a)(2); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p):

        1. $99,900 in cash claimed from 24/7 Vaults; and

        2. 53 1oz gold coins from the 24/7 Vaults

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $284,704, and that the property will be applied toward the payment of the money judgment.

The in personam criminal forfeiture money judgment complies with <u>Honeycutt v. United States,</u> ___U.S.___, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the $99,900 is illegal proceeds and the 53 1oz gold coins were purchased with illegal proceeds subsequently located by the United States and is subject to forfeiture pursuant to Fed. R. Crim. P. 32.2(e)(1)(A) and (2):

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from David A. Litwin an in personam criminal forfeiture money judgment of $284,704.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of David A. Litwin in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

Daniel D. Hollingsworth
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 13th day of ____July____, 2018.


_____
UNITED STATES DISTRICT COURT