1

2

3

4                                     UNITED STATES DISTRICT COURT

5                                            DISTRICT OF NEVADA

6                                                   * * *

7       UNITED STATES OF AMERICA,                          Case No. 2:11-cr-00347-KJD-DJA

8                                        Plaintiff,         **ORDER**

9              v.

10      DAVID LITWIN,

11                                       Defendant.

12            Presently before the Court are Defendant's seven (7) Motions in Limine

13      (#800/801/802/804/805/833/834). Plaintiff responded in opposition

14      (#819/820/821/822/823/839/840), to which Defendant replied (#825/826/827/829/830/842/843).

15            I.      Factual and Procedural Background

16            On October 28, 2015, the Defendant, David Litwin, was charged with one count of

17      conspiracy to distribute oxycodone (Count 1), eight counts distribution of oxycodone (Counts 2 –

18      9), and three counts of making a false statement to federal officers (Counts 10 – 12). (#179, at 1-

19      5). On March 23, 2017, a jury found Litwin guilty of Counts 1, 2-5, and 7-9. (#456). Litwin

20      appealed his conviction, and on August 27, 2020, the Ninth Circuit vacated Litwin's convictions

21      and remanded the case for a new trial. (#758).

22            Litwin brings seven motions in limine to exclude: (1) reference to information posted on the

23      Nevada State Board of Medical Examiners website regarding Dr. Wetselaar; (2) evidence

24      relating to Dr. Wetselaar continuing to see patients during the first trial; (3) evidence relating to

25      the amount of controlled substances prescribed by Dr. Wetselaar versus other physicians; (4)

26      evidence relating to Dr. Wetselaar's or Litwin's income, assets, and monies seized by the

27      Government in 2010 and 2011; (5) to allow the defense to question David Kutz regarding his

28      plea agreement, as well as introduce the agreement at trial; (6) exclude evidence relating to an

1    increase in volume of oxycodone prescriptions filled at Lam's Pharmacy; and (7) preclude the

2    Government from referring to Jason Smith as a co-conspirator.

3    II.    Legal Standard

4    "A motion *in limine* is a procedural mechanism made in advance to limit testimony or

5    evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X

6    Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at

7    *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or

8    weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL

9    7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion in limine, 'the

10   evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL

11   2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D.

12   Ohio 2004)). "Unless evidence meets this high standard, evidentiary rulings should be deferred

13   until trial so that questions of foundation, relevancy and potential prejudice may be resolved in

14   proper context." United States v. Sims, 550 F. Supp. 3d 907, 912 (D. Nev. 2021) (quoting

15   Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

16   "Irrelevant evidence is not admissible." Fed. R. Evid. ("Rule") 402. "Evidence is relevant if:

17   (a) it has any tendency to make a fact more or less probable than it would be without the

18   evidence; and (b) the fact is of consequence in determining the action." Rule 401. "The Court

19   may exclude relevant evidence if its probative value is substantially outweighed by a danger of

20   one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

21   delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. "Denial of a

22   motion in limine does not necessarily mean that all evidence contemplated by the motion will be

23   admitted at trial. Denial merely means that without the context of trial, the Court is unable to

24   determine whether the evidence in question should be excluded." McConnell v. Wal-Mart

25   Stores, Inc., 995 F. Supp. 2d 1164, 1168 (D. Nev. 2014) (citation omitted).

26   III.    Analysis

27   **A. Nevada State Board of Medical Examiners Board Actions**

28   Litwin argues that the information listed under "Board Actions" on the Nevada State Board of

1    Examiners ("NSBME") website has "nothing to do with Mr. Litwin and [is] therefore . . . irrelevant

2    to the instant trial."[1] (#800, at 2). Litwin further argues that reference to this information would

3    "unfairly prejudice the defense and confuse the jury[.]" Id. at 3.

4         The Government argues "the Motion [is] moot because the government does not intend to

5    introduce the Complaint or Settlement in its case in chief[.]" (#819, at 1). The Government

6    further argues that "to the extent there is any evidence that Wetselaar and/or Litwin made

7    admissions verbally or in writing regarding the allegations in the NSBME matter that shed light

8    on Litwin's knowledge that he was acting without authorization as charged here, or should

9    Defendant testify or put on other evidence at trial for which the NSBME investigation, complaint

10   and settlement become relevant or constitute impeachment evidence, the government requests

11   leave to utilize this information accordingly, both in cross examination and in any rebuttal case."

12   Id. at 5-6. The Court agrees with the Government.

13        A major issue in this case is whether Defendant had the requisite *mens rea* required for the

14   crimes of conspiracy to distribute oxycodone and distribution of controlled substances. (See

15   #179). Here, it is highly plausible that information surrounding the NSBME action may help

16   prove Litwin's own knowledge as to the legality of his actions, and as such, it is relevant to the

17   overall matter. Litwin will have the opportunity at trial to object to the Government's use of such

18   information, but to exclude it altogether would be improper. Therefore, Defendant's motion in

19   limine (#800) is denied.

20   **B. Dr. Wetselaar Continued to See Patients During the First Trial**

21        Litwin argues that "Dr. Wetselaar's conduct in January-February 2017"—continuing to see

22   patients—"is irrelevant in general" and "irrelevant to the charges against Mr. Litwin[.]" (#801, at

23   2-3). Litwin further argues that "[t]estimony and evidence regarding the fact that Dr. Wetselaar

24   saw patients in January-February 2017 should be excluded under FRE 403 because there is a

25   high likelihood that such testimony would . . . prejudice the jury against Mr. Litwin[.]" Id. at 3.

26

27   _____

[1] The "Board Actions" referred to by Defendant refer to a formal complaint and settlement agreement
28   regarding Dr. Wetselaar's violations of NRS 630.301(4)—malpractice—and NRS 630.30621(1)—failure
to maintain timely, legible, accurate and complete medical records relating to the diagnosis, treatment, and
care of a patient. (#800, at 5).

1    Lastly, Litwin argues that because Dr. Wetselaar is deceased, "raising this issue will be more

2    prejudicial than probative and violate Mr. Litwin's right under the Sixth Amendment to cross-

3    examination[.]" Id. The Government argues the "motion [is] moot because it does not intend to

4    seek admission of evidence in its case in chief that Dr. Wetselaar continued to see patients in

5    January-February 2017." (#820, at 1).

6        As stated previously, excluding evidence on a motion in limine is a high standard to meet.

7    See Sims, 550 F. Supp. 3d at 912 (simplified). Here, the Court finds that Defendant's Rule 401

8    and 403 arguments fail to offer little more than legal conclusions, and as such, fail to meet this

9    high evidentiary standard. Furthermore, Defendant's Sixth Amendment argument is entirely

10   overbroad. "The Confrontation Clause…does not bar the use of testimonial statements for

11   purposes other than establishing the truth of the matter asserted." United States v. Eppolito, 646

12   F. Supp. 2d 1239, 1240 (D. Nev. 2009) (simplified). At this stage of the litigation, without

13   offering more, Defendant's Sixth Amendment argument is premature. If Defendant has specific

14   objections to evidence presented at trial, such objections can be made at that time. As such,

15   Defendant's motion in limine (#801) is denied.

16   **C.  The Amount of Controlled Substances Prescribed by Dr. Wetselaar Versus Other**

17       **Physicians**

18       Litwin argues that "the fact that Dr. Wetselaar may have prescribed more Schedule II

19   substances [than] other physicians is not relevant to a determination of whether or not these

20   prescriptions were for a legitimate medical purpose," and "such a comparison is misleading and

21   prejudicial[.]" (#802, at 3). In addition, Litwin argues that the Supreme Court's ruling in Ruan v.

22   United States, 142 S. Ct. 2370 (2022) creates a "new element" that when "coupled with the fact

23   that Dr. Wetselaar is now deceased, creates an insurmountable barrier to the admission of such

24   evidence." (#802, at 4). And again, attempts to argue that "raising this issue will be more

25   prejudicial than probative and violate Mr. Litwin's right under the Sixth Amendment to cross-

26   examination[.]" Id. at 5.

27       As the Court previously held this evidence to be admissible (#306), the Government argues

28   that Defendant has presented no new information which requires the Court to deviate from its

prior ruling. (#821, at 5). In addition, the Government argues that this evidence is "necessary and relevant to prove the conspiracy and distribution charges, and more specifically, relevant to prove Litwin's intent to act without authorization." Id. The Court agrees with the Government.

Litwin points to United States v. Jones, 570 F.2d 765 (8th Cir. 1978) to argue that this evidence is inadmissible, whereas the Government points to United States v. Lague, 971 F.3d 1032 (9th Cir. 2020). In Lague, the Ninth Circuit held "that uncharged prescriptions of controlled substances in enormous quantities, and in dangerous combinations, support a reasonable inference that the underlying prescriptions were issued outside the usual course of professional practice and without a legitimate medical purpose." 971 F.3d at 1040. The Ninth Circuit further held that "the district court properly admitted Lague's uncharged prescriptions under Rule 404(b)." Id. Here, the Court finds no reason, and the Defendant has not presented one, as to why Jones should be controlling over Lague. Lastly, Defendant's Ruan argument, which is discussed at length in his reply, is unpersuasive. Defendant's argument conflates the tests for admissibility under Rule 401 and 403 with the Government's burden at trial. (See #829). Because of this, without the context of trial, the Court is unable to determine whether the evidence in question should be excluded. Nevertheless, if Defendant has specific objections to evidence presented at trial, such objections can be made at that time. Therefore, Defendant's motion in limine (#802) is denied.

**D.  Evidence Relating to Dr. Wetselaar's or Litwin's Income, Assets, and Monies Seized by the Government in 2010 and 2011**

Before the first trial, Wetselaar filed a prior version of this motion in limine (#203), which the Court denied. (#306). As Wetselaar is now deceased, Litwin argues that this amounts to a change of circumstances and files this new motion in limine. (#804, at 3). Litwin argues that evidence relating to Dr. Wetselaar's and Mr. Litwin's income, assets, and seized property is irrelevant under Federal Rule of Evidence 401. Id. at 3-4. Litwin further argues that "evidence relating to Dr. Wetselaar's and Mr. Litwin's income and/or assets and property seized is inadmissible under FRE 403 because any probative value is substantially outweighed by the danger of unfair prejudice because a criminal defendant's financial condition is generally inadmissible, creates prejudicial wealth and class biases, violates Due Process, and is more prejudicial than probative." Id. at 4.

1    Lastly, Litwin argues that because Dr. Wetselaar is deceased, "raising this issue will be more
2    prejudicial than probative and violate Mr. Litwin's right under the Sixth Amendment to cross-
3    examination[.]" <u>Id.</u>

4         The Government argues that "Dr. Wetselaar's death does not compel the Court to revisit its
5    prior ruling." (#822, at 5). The Government further argues that evidence relating to the amount of
6    money seized by the government… "is inextricably intertwined with the evidence and events in
7    the case, gives context to the activities, proves Defendant Litwin's intent, and is thus more
8    probative than prejudicial." <u>Id.</u> at 6. Although the Court agrees with the Government, that
9    Wetselaar's death does not compel this Court to revisit its prior ruling, the Court will nonetheless
10   address Defendant's arguments.

11        Litwin cites to a number of cases as support for his argument that evidence relating to Dr.
12   Wetselaar's and his income and/or assets and property seized is inadmissible under Federal Rule
13   of Evidence 403. (#804, at 4). After reviewing these cases, the Court finds that they do not support
14   the proposition offered by Defendant. The first case, <u>United States v. Holmes</u>, holds that "evidence
15   of wealth or lavish lifestyle is not admissible alone <u>but</u> may be admissible to prove motive,
16   knowledge, or intent. No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *4 (N.D. Cal. May 22,
17   2021) (emphasis added). This is precisely what the Government argues it would use the evidence
18   for—proving Litwin's motive, knowledge, and intent. (<u>See</u> #822, at 5-6). In the next case, <u>United</u>
19   <u>States v. Hawkins</u>, the court held that "evidence of an individual's financial condition is admissible
20   when it bears directly, but not collaterally, on transactions that are relevant to the indictment." 360
21   F. Supp. 2d 689, 696 (E.D. Pa. 2005). Here, the money seized by the Government bears directly
22   on transactions that are relevant to the indictment—conspiracy to distribute oxycodone and
23   distribution of oxycodone.

24        Lastly, for the same reasons as stated above, Defendant's Sixth Amendment argument is
25   premature. As such, Defendant's motion in limine (#804) is denied.

26   **E.  Allow the Defense to Question David Kutz Regarding his Plea Agreement and**
27        **Introduce the Agreement at Trial.**

28        Litwin argues that that he should be permitted to "question witness David Kutz regarding the

cooperation terms and conditions set forth in his Plea Memorandum, and to introduce extrinsic evidence regarding the terms and conditions of Mr. Kutz's Plea Memorandum with the government for impeachment." (#805, at 1). The Government argues that the "Court [should] deny the Motion as the Court has already ruled on the admissibility of such evidence." (#823, at 1).

Litwin's motion attempts to have this Court rule on the admissibility of multiple lines of potentially hypothetical questioning. (See #805). Because of this, the Court finds it premature to rule on the admissibility of this evidence. However, the Court will allow Litwin to question David Kutz regarding his plea memorandum, so long as the questioning is not irrelevant or misleading. The Government will have the opportunity at trial to object to Litwin's questioning and overall use of such evidence. As such, Defendant's motion in limine (#805) is denied.

**F.   Increase in Volume of Oxycodone Prescriptions Being Filled at Lam's Pharmacy**

Litwin argues that evidence relating to the increased volume of oxycodone prescriptions at Lam's is "not within the confines of FRE 401" and is "more prejudicial than probative under FRE 403." (#833, at 5). Litwin further argues that "Lam's had no affiliation with Litwin and Litwin did not write prescriptions." Id. at 6. The Government argues that "evidence that numbers of oxycodone pills being distributed by Lam's were rising in correlation to the prescriptions being issued by Wetselaar and Litwin is relevant[.]" (#839, at 3). The Court agrees with the Government.

As stated above, "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." McConnell, 995 F. Supp. 2d at 116 (citation omitted). Here, evidence that oxycodone prescriptions at Lam's pharmacy increased is inextricably linked to the charges against Litwin—conspiracy to distribute oxycodone and distribution of oxycodone. As such, a ruling on the relevancy and admissibility of this evidence is better suited for trial. Therefore, Defendant's motion in limine (#833) is denied.

**G.   Referring to Jason Smith as a Co-Conspirator**

Litwin argues that because Jason Smith was acquitted, he should not be referred to as a co-conspirator and "nor should his statements be used without his testimony by law enforcement." (#834, at 3). Litwin further argues that referring to Jason smith as a co-conspirator is misleading

- 7 -

1    and prejudicial because "[t]here is a general recognition that referring to people as a

2    coconspirator suggest that they have done something unlawful." Id.

3        The Government argues that the evidence is relevant because it "indicates that Litwin

4    believed Smith was a member of the conspiracy." (#840, at 3). The Government further argues

5    that "[s]tatements made by Smith to Litwin . . . informed Litwin's activity and Litwin's

6    involvement with Smith and Lam's, generally, demonstrates the extent to which Litwin was

7    involved in the conspiracy." Id. Again, the Court agrees with the Government.

8        Litwin is being charged with conspiracy to distribute oxycodone, and as such, evidence as to

9    who Litwin believed was a part of this conspiracy will ultimately arise at trial. Although Jason

10   Smith was acquitted, the Government will be allowed to use this evidence to help prove Litwin's

11   mindset. In addition, the Court believes that any reservations Defendant has can easily be

12   negated by a limiting instruction. Therefore, Defendant's motion in limine (#834) is denied.

13   IV.    Conclusion

14       Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motions in Limine

15   (#800/801/802/804/805/833/834) are **DENIED**.

16   DATED this 28th day of August 2023.

17

18                                              _____

19                                              Kent J. Dawson
                                                United States District Judge
20

21

22

23

24

25

26

27

28

- 8 -