1
2
3
4                    UNITED STATES DISTRICT COURT
5                        DISTRICT OF NEVADA
6                                * * *
7    UNITED STATES OF AMERICA,              Case No. 2:11-cr-00347-KJD-VCF
8                            Plaintiff,     **ORDER**
9           v.
10   DAVID LITWIN,
11                           Defendant.

12         Presently before the Court is Defendant's Motion to Dismiss (#799). The Government

13   responded in opposition (#818), to which Defendant replied (#828). For the reasons set forth

14   below, Litwin's motion is denied.

15         I.      Factual and Procedural Background

16         On October 28, 2015, the Defendant, David Litwin, was charged with one count of

17   conspiracy to distribute oxycodone (Count 1), eight counts distribution of oxycodone (Counts 2 –

18   9), and three counts of making a false statement to federal officers (Counts 10 – 12). (#179, at 1-

19   5). On March 23, 2017, a jury found Litwin guilty of Counts 1, 2-5, and 7-9. (#456). Litwin

20   appealed his conviction, and on August 27, 2020, the Ninth Circuit vacated Litwin's convictions

21   and remanded the case for a new trial. (#758).

22         On May 26, 2023, Litwin filed this motion to dismiss, arguing that the indictment is defective

23   because "it is missing an essential element of the charged crimes" and "fails to charge an

24   offense." (#799, at 1-2). Litwin further argues that should the indictment not be dismissed, he is

25   entitled to the "production of portions of the grand jury transcripts showing the instructions given

26   to the grand jury and any colloquy explaining those instructions[.]" Id. at 2.

27         II.     Legal Standard

28   A defendant may challenge the sufficiency of an indictment prior to trial for failure to state

1   an offense. Fed. R. Crim. P. 12(b)(v). "The essential purpose of an indictment is to give the

2   defendant notice of the charge so that he can defend or plead his case adequately." United States

3   v. Neill, 16 F.3d 943, 947 (9th Cir. 1999). "An indictment is sufficient if it contains the elements

4   of the charged crime in adequate detail to inform the defendant of the charge and to enable him

5   to plead double jeopardy." United States v. Lopez, 576 F. App'x 680, 681–82 (9th Cir. 2014)

6   (quoting United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009)).  "In this circuit an

7   indictment missing an essential element that is properly challenged before trial must be

8   dismissed." United States v. Qazi, 975 F.3d 989, 991(9th Cir. 2020).

9       III.   Analysis

10       Litwin asserts that in light of Ruan, counts 1, 2-5, and 7-9 must be dismissed because the

11   indictment omitted an essential element of the charged offense—alleging that Litwin knowingly

12   and intentionally acted without authorization. (#799, at 5-9). Litwin further argues that should

13   the indictment not be dismissed, he is "entitled to review the transcripts of the grand jury

14   proceedings relating to the instructions given to the grand jury and any colloquy concerning

15   those instructions." Id. at 9.

16       The Government argues the indictment should not be dismissed because "Ruan dictates that

17   because the government is not required to negate an exception in its charging document,

18   pursuant to Section 885, the government here was not required to allege "without authorization"

19   in the Indictment in the first instance." (#818, at 7). The Government further argue that the "plain

20   language of the Indictment" did in fact charge Litwin with "knowingly and intentionally

21   distributing oxycodone, knowing and intending said distribution to be without authorization and

22   outside the scope of usual professional practice[.]" Id. at 15. Lastly, the Government argues that

23   the Court should reject Defendant's grand jury argument as it falls below the "strong showing of

24   particularized" need that must be met to unveil grand jury materials. Id. at 17.

25       **A.  21 U.S.C. § 841**

26       21 U.S.C. § 841(a) states: "Except as authorized by this subchapter, it shall be unlawful for

27   any person to knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with

28   intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. § 841(a). By

1  regulation, a prescription for a controlled substance is only effective when "issued for a

2  legitimate medical purpose by an individual practitioner acting in the usual course of his

3  professional practice." 21 C.F.R. § 1306.04(a). Litwin argues that the because the "October 28,

4  2015, superseding indictment did not contain the language required for a valid § 841

5  prosecution[,]" the indictment must be dismissed" (#799, at 6-9). Specifically, Litwin argues that

6  the indictment omits § 841's authorization element entirely, and "does not indicate that the

7  defendant knowingly or intentionally acted in an unauthorized manner[.]" Id. at 6.

8       On June 27, 2022, the Supreme Court issued its decision in Ruan v. United States, holding

9  that § 841's "knowingly or intentionally" *mens rea* applies to "except as authorized." 142 S. Ct.

10  2370, 2375 (2022). "This means that once a defendant meets the burden of producing evidence

11  that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt

12  that the defendant knowingly or intentionally acted in an unauthorized manner." Id. And

13  although Ruan never explicitly held that § 841's "except as authorized" clause is an essential

14  element of a § 841 offense, the Ninth Circuit has long held that a controlled substance offense

15  indictment against a medical practitioner must allege that the physician acted without

16  authorization. United States v. King, 587 F.2d 956, 965 (9th Cir. 1978).

17       Recently, in United States v. Wells, Judge Traum, after a summarization of Ninth Circuit and

18  Supreme Court precedent, held that "[a]bsence of authorization, at least in the Ninth Circuit, is

19  an element that must be alleged when indicting a medical practitioner under § 841." United

20  States v. Wells, No. 2:19-CR-00216-ART-NJK, 2023 WL 3341673, at *4 (D. Nev. May 10,

21  2023) And that "Ruan's holding thus requires that such indictments allege that a medical

22  practitioner 'knowingly and intentionally' acted without authorization." Id. In support of his

23  argument, Litwin points to Wells and argues that this Court must come to the same legal

24  conclusion. (#799, at 7). The Court disagrees. Because Litwin is not a medical practitioner, the

25  "except as authorized" clause does automatically pertain to him, and as such, cannot be seen as

26  an essential element of his indictment.

27       The entire rationale behind holding "except as authorized" as an essential element of § 841

28  stems from the understanding that certain individuals are inherently authorized, by law, to deal in

1   and handle controlled substances. Cases that have held "except as authorized" as an essential

2   element have always done so through the lens of a legitimate medical practitioner. In United

3   States v. Black, the Ninth Circuit held that "it is not 'more likely than not' that medical

4   practitioners registered to dispense controlled substances do so illegitimately and are guilty of a

5   criminal act; common experience, we think dictates precisely the opposite conclusion." 512 F.2d

6   864, 871 (9th Cir. 1975). The defendant in Black was a physician. Id. at 864. Following Black,

7   King held that registered medical practitioners who dispense controlled substances cannot be

8   presumed to do so unlawfully when the defendant is a physician duly registered with the

9   Attorney General to dispense controlled substances. 587 F.2d at 964. The Court explained that

10  such a presumption is "irrational, and hence unconstitutional," because it cannot be said with

11  substantial assurance that the presumed fact of non-authorization is more likely than not to flow

12  from the proved fact of distribution by a practitioner. Id. The Defendant in King, Deal, was a

13  physician. Id. at 958. Even in Wells, the defendant was a physician. 2023 WL 3341673, at *1.

14      Considering this rationale, it seems irrational to find absence of authorization an essential

15  element that must be alleged when indicting someone who never had any presumption of

16  authorization to begin with. Here, Litwin is not a medical practitioner. Litwin claims to be Dr.

17  Wetselaar's "medical assistant," but he is not licensed by the State of Nevada and has no

18  verifiable medical credentials in the United States. (#179, at 2). Even Ruan seems to follow the

19  Ninth Circuit's reasoning and grounds its own analysis solely in the shoes of someone who has

20  the initial presumption of authorization—a licensed doctor.

21      In Ruan, the Court asserts that the "except as authorized" clause "is sufficiently like an

22  element in respect to the matter at issue here as to warrant similar legal treatment." 142 S. Ct. at

23  2380. The matter at issue in Ruan was the prosecution of two doctors charged with unlawfully

24  dispensing and distributing drugs in violation of § 841. Id. at 2375. The Court's opinion, without

25  expressly stating, seems to infer that "excepted as authorized" is only an essential element when

26  charging an actual medical practitioner, and language spread throughout the opinion adds weight

27  to this idea. In fact, Justice Alito's concurrence draws light to this exact inference by stating,

28  "[t]here are hints in the Court's opinion that it has crafted a special rule for doctors[.] . . . But §

841(a) is not a doctor-specific provision." <u>Id.</u> at 2386 (Alto, J., concurring). And after analyzing the Court's reasoning, Justice Alito asks the simple question—"[i]s the [except as authorized] proviso a hybrid element/defense only for doctors?" <u>Id.</u> Again, bringing light to the unique way in which the majority seems to interpret § 841.

As Ninth Circuit precedent stands, the Government, in prosecuting a common drug dealer under § 841, must plead in its indictment that the drug dealer's actions were done without authorization. This seems illogical when faced with that fact that a drug dealer's actions are presumed to be without authorization from the very start, and a very different scenario than the one faced by the courts in <u>Ruan</u>, <u>Black</u>, <u>King</u>, and even <u>Wells</u>. Today, this Court draws a distinction and holds that when an individual is charged under § 841, "knowingly and intentionally acting without authorization" is only an essential element when the individual's actions have a legitimate presumption of authorization to begin with. The Court believes that this view aligns with current Supreme Court and Ninth Circuit jurisprudence, and in no way changes the Government's burden at trial. Litwin can still, as he has done here, assert that he was acting under Dr. Wetselaar's direction, and the Government still has to prove "beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." <u>See</u> <u>Ruan</u>, 142 S. Ct. at 2376. Therefore, Litwin's indictment is not defective and does not warrant dismissal.

**B.  Grand Jury Transcripts**

Under Federal Rule of Criminal Procedure 6(e), this Court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii). "Thus, a defendant must show that 'a ground may exist to dismiss the indictment' before the court may authorize disclosure, and a defendant may not obtain disclosure of grand jury transcripts in order to determine if a ground does, in fact, exist[.]" <u>United States v. Hardy</u>, No. 3:16-CR-00006-MMD-VPC, 2017 WL 1284763, at *5 (D. Nev. Feb. 24, 2017).

Here, Litwin's entire argument centers around the assumption that "the grand jury was never instructed as to the mens rea requirement for the 'except as authorized' element." (#799, at 11).

However, as stated above, this Court does not view the "except as authorized" clause as an essential element for prosecuting a non-medical practitioner under § 841. Therefore, the grand jury was properly instructed. As such, Litwin has failed to meet his burden under Rule 6(e).

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#799) is **DENIED**.

Dated this 28th day of August 2023.

Kent J. Dawson
United States District Judge