SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:11-CR-347-KJD-MDC |
|---|---|
| Plaintiff, | **Unopposed Motion for an Order for the Production and Inspection of Documents** |
| v. | |
| DAVID A. LITWIN, | |
| Defendant. | |

The United States moves this Court for an Order for the production and inspection of relevant documents to trace illegal proceeds that Wetselaar provided to defendant David A. Litwin.

This Court has the discretion to regulate discovery.[1] Under Fed. R. Crim. P. 16(d), "At any time the court may, for good cause,…grant other appropriate relief."[2] The court may enforce this rule by entering, "any other order that is just under the circumstances."[3] This rule is "to be interpreted to provide for the just determination of [this] criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."[4]

The government and defense counsel for Litwin have agreed for the government to seek the Court's permission to inspect and make copies of admitted Trial Exhibits 24, 25,

---

[1] Fed. R. Crim. P. 16(d)(1).
[2] *Id.* (ellipsis added).
[3] Fed. R. Crim. P. 16(d)(2)(D).
[4] Fed R. Crim. P. 2 (brackets added).

28A, and 28B in this case since the government did not make copies of them (or at least they cannot be found) and to provide them to defense counsel since she has not received a copy of them. The admitted exhibits are needed by both parties. The government will use them to show Wetselaar provided illegally obtained proceeds to Litwin.

The original admitted trial exhibits are in the court's evidence room and are not currently accessible. After copies of the original, authenticated documents are made, the originals will be returned to this Court.

Wetselaar employed and paid Litwin during and after Wetselaar's illegal drug proceeds flowed in. These exhibits show the period of time and the amount of illegal proceeds Wetselaar obtained and Litwin received of the illegal proceeds. From those facts, the government can show with reasonable inferences, and this Court can determine with reasonable inferences, the amount of illegal proceeds Wetselaar gave Litwin.

The criminal division AUSA who prosecuted Litwin the second time, informed me she could not find many forfeiture exhibits from the first trial. Since undersigned is the only person in the USAO who knows this case and forfeiture, she requested undersigned to assist her. Undersigned agreed. She has since resigned from the USAO. The undersigned must complete the forfeiture phase of the criminal case in chief. Undersigned needs copies of these exhibits for the government and to provide them to defense counsel.

"A district court possesses inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it, to promulgate and enforce rules for the management of litigation, …to manage its docket and [to] maintain proper decorum…."[5]

This Court can authorize the government to take the bound exhibits to the United States Attorney Office, make the necessary copies for the government and the defendant's counsel. Counsel for the defendant stated she is confident undersigned will make the

---

[5] *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995); *see also United States v. Cervantes*, No.: 12-cv-00792 YG (NC), 2013 WL 2299622, *2 (N.D. Cal. May 24, 2013); *United States v. Gardley*, No. 2:10-cr-236-GMN-PAL, 2013 WL 4857706, *2 (D. Nev. Sept. 10, 2013).

copies, provide them to her, and return the exhibits to the district court. The government seeks the Court's authority to grant "appropriate relief" in relation to discovery matters, necessary to protect the fairness and efficiency of trial.[6] This would provide appropriate relief.

For the specific cash amounts, the other relevant information necessary for tracing the illegal proceeds and assets in the exhibits, the Federal Rules of Criminal Procedure, Ninth Circuit's interpretation and reasoning, and both parties agree to this resolution, the government requests this unopposed motion be granted.

Dated: June 30, 2025.

Respectfully submitted,

SIGAL CHATTAH
United States Attorney

/s/ *Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

Dated: 6/30/2025

IT IS SO ORDERED:

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. Crim. P. 16(d)(1) and (2).