# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID A. LITWIN,<br><br>　　　　Defendant. | 2:11-CR-347-KJD-MDC<br><br>**Preliminary Order of Forfeiture** |

　　　　This Court finds David A. Litwin was found guilty of Counts One through Five and Seven through Nine of a Fourteen-Count Superseding Criminal Indictment charging him in Count One with conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846 and in Counts Two through Five and Seven through Nine with distribution of controlled substances – schedule II in violation of 21 U.S.C. § 841(a)(1). Superseding Criminal Indictment, ECF No. 179; Minutes of Jury Trial, ECF No. 906; Jury Verdict, ECF No. 908.

　　　　This Court finds David A. Litwin agreed to the facts and the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Order Granting Stipulation for Entry of Preliminary Forfeiture Order of U.S. $99,900; 53 1 Ounce gold coins; and a Criminal Forfeiture Money Judgment of $89,718, the Second Amended Bill of Particulars, and Forfeiture Allegation One of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 179; Second Amended Bill of Particulars, ECF No. 777; Order Granting Stipulation, ECF No. 949.

　　　　This Court finds, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has (1) proven the amount for the personal criminal forfeiture money judgment

and (2) established the requisite nexus between the property set forth in the Second Amended Bill of Particulars and Forfeiture Allegation One of the Superseding Criminal Indictment and the offenses to which David A. Litwin was found guilty. Superseding Criminal Indictment, ECF No. 179; Second Amended Bill of Particulars, ECF No. 777; Minutes of Jury Trial, ECF No. 906; Jury Verdict, ECF No. 908; Waiver of Determination of Forfeiture by Jury, ECF No. 909; Order Granting Stipulation, ECF No. 949.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or 21 U.S.C. § 846, conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. §§ 841(a)(1) and 846; (3) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of 21 U.S.C. §§ 841(a)(1) and 846; and (4) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §§ 841(a)(1) and 846 and are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), (a)(2), and (p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c):

1. U.S. $99,900; and
2. 53 1 Ounce gold coins

(all of which constitutes property)

and an in personam criminal forfeiture money judgment of $89,718, and that the property will not be applied toward the payment of the money judgment.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States of America recover from David A. Litwin an in personam criminal forfeiture money judgment of $89,718.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of David A. Litwin in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, under Fed. R. Crim. P. 32.2(b)(6). Notice is served on any individual or entity on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail under Fed. R. Crim. P. 32.2(b)(6)(D) and Supplemental Rule G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the forfeited property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property under 21 U.S.C. § 853(n)(2), which petition shall be signed by the petitioner under penalty of perjury under 21

U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, within thirty (30) days of the final publication of notice on the official internet government forfeiture site, www.forfeiture.gov, or his receipt of written notice, whichever is earlier.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED November 12, 2025.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE