**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

DAVID A. LITWIN,

      Defendant.

2:11-CR-347-KJD-MDC

**Final Order of Forfeiture**

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), (a)(2), and (p); and 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c), based upon the jury verdict finding David A. Litwin guilty of the criminal offenses, forfeiting specific property and imposing an in personam criminal forfeiture money judgment set forth in the Second Amended Bill of Particulars, the Forfeiture Allegation One of the Superseding Criminal Indictment, and the Order Granting Stipulation for Entry of Preliminary Forfeiture Order (Stipulation) and shown by the United States to have the requisite nexus to the offenses to which David A. Litwin was found guilty. Superseding Criminal Indictment, ECF No. 179; Second Amended Bill of Particulars, ECF No. 777; Minutes of Jury Trial, ECF No. 906; Verdict Form, ECF No. 908; Stipulation, ECF No. 949; Preliminary Order of Forfeiture, ECF No. 950.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment amount of $89,718 complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443

(2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from November 17, 2025, through December 16, 2025, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 954-1, p. 5.

This Court finds the United States notified known third parties by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Mailing, ECF No. 955.

On December 10, 2025, the United States Attorney's Office attempted to serve Bing Wetselaar at Aravalli Crest St. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Both mailings were returned as not deliverable as addressed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 15-19.

On December 10, 2025, the United States Attorney's Office attempted to serve Bing Wetselaar at Falconer Ave. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Both mailings were returned as not deliverable as addressed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 20-24.

On December 10, 2025, the United States Attorney's Office served Bing Wetselaar at Forestcrest Dr. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 25-27.

On December 10, 2025, the United States Attorney's Office attempted to serve the Estate of Henri Wetselaar, c/o Bing Wetselaar at Falconer Ave. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Both mailings

/ / /

2

were returned as not deliverable as addressed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 28-32.

On December 10, 2025, the United States Attorney's Office served the Estate of Henri Wetselaar, c/o Bing Wetselaar at Forestcrest Dr. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 33-35.

On December 10, 2025, the United States Attorney's Office served the Estate of Henri Wetselaar, c/o Carrie E. Hurtik, Esq. at W. Tropicana Ave. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 3, 6-13, 36-38.

On December 10, 2025, the United States Attorney's Office served the Estate of Henri Wetselaar at W. Tropicana Ave. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 4, 6-13, 39-41.

On December 10, 2025, the United States Attorney's Office served Elsa Arellano Litwin at Flat Rock St. by regular and certified return receipt mail with the Notice and the Preliminary Order of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 955-1, p. 4, 6-13, 42-44.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending regarding the property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. U.S. $99,900; and
2. 53 1 Ounce gold coins

(all of which constitutes property); and

that the United States recover from David A. Litwin the in personam criminal forfeiture money judgment of $89,718, and that the property will not be applied toward the payment of the money judgment; and

the forfeiture of the money judgment and the property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1), (a)(2), and (p); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the property are extinguished and are not recognized for David A. Litwin, Bing Wetselaar, the Estate of Henri Wetselaar, Elsa Arellano Litwin, and all third parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law and the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED February 9, 2026.

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE

4